IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS WALTERS,

      Plaintiff,

v.                                 No. CV 09-0811 BB/LAM

KEN LEWIS, CEO BANK OF AMERICA,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

     **THIS MATTER** is before the Court on Plaintiff's *Motion to Proceed in Forma Pauperis With Financial Affidavit Pursuant to 28 U.S.C. § 1915* (Doc. 2) (hereinafter "*IFP Motion*"), filed August 20, 2009, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). This matter is also before the Court on Defendant's[2] *Motion to Dismiss (Doc. 5)*, filed September 16, 2009. In support of the *Motion to Dismiss*, Defendant filed a *Memorandum*

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.**

[2]It is not clear whether Plaintiff intends to bring this action only against Mr. Ken Lewis, CEO of Bank of America, or against the Bank of America, or against both parties. *Compare* the heading of the *Complaint (Doc. 1)* at 1 *with* the heading of the *IFP Motion (Doc. 2)*; *see also Complaint (Doc. 1)* at 3 (asking the Court to order "CEO Ken Lewis, Bank of America, and their officers[,] agents, and representatives" to return his money and pay damages). It appears, however, that defense counsel considers the suit as being against Bank of America, on whose behalf he filed the *Motion to Dismiss (Doc. 5)*. The Court's analysis and findings regarding subject matter jurisdiction are the same for Mr. Lewis and the Bank of America, so the Court will refer to Plaintiff's claims as against a single "Defendant" in these Proposed Findings and Recommended Disposition.

*of Points and Authorities (Doc. 6)*.  Additionally, this matter is before the Court on Plaintiff's ***Motion to Strike; Motion for Summary Judgement; & Declaratory Judgement Against 3rd Party*** *(Doc. 9)*, filed September 23, 2009, and ***Plaintiff's Motion to Amend Complaint*** *(Doc. 10)* filed September 28, 2009.   United States District Judge Bruce D. Black referred this case to the undersigned to conduct a review under 28 U.S.C. § 1915 for proposed findings and a recommended disposition whether Plaintiff's ***Complaint*** *(Doc. 1)* withstands scrutiny under Fed. R. Civ. P. 12(b)(6).  *See **Order of Reference** (Doc. 8)*.

"[I]n order to succeed on a motion to proceed [*in forma pauperis*], the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.  In screening the complaint, the Court resolves the issue of whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under Fed. R. Civ. P. 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   The Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotation and citation omitted).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must accept the facts alleged by the plaintiff as true, and assuming their veracity, those factual allegations must lead to "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  In reviewing Plaintiff's *pro se* ***Complaint***, the Court applies the same legal standards applicable to pleadings drafted by counsel

but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, the Court is not required to advocate for Plaintiff and should dismiss claims supported only by vague and conclusory allegations.  *Id.* at 1521.  For the reasons set forth herein, the Court finds, as the court did in *Twombly*, that Plaintiff here has "not nudged [his] claims across the line from conceivable to plausible [and, therefore, his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### *Analysis*

Plaintiff states in his **Complaint** that "[t]he Court has jurisdiction pursuant to Title 28 USC [§] 1331 Federal question."  *Document 1* at 1 (emphasis in original).  He claims that "Defendants violated [his] rights to the due process and equal protection of the law in seizing  [his] SSI benefits and property" from his safe deposit box.  *Id.*  He states that he made a timely request to close his safe deposit box, but, "[r]ather than close the box and return [its] contents to [Plaintiff,] the Bank of America charged [him] an additional $70.00 for another year's rental and imposed a $35.00 penalty taken without the equal protection or due process of law out of [Plaintiff's] social security check."  *Id.* at 3.  Plaintiff asks the Court to order Defendant to return the money seized from Plaintiff and "pay [punitive] damages of $1.5 Million for violations of [Plaintiff's] civil rights."  *Id.* Defendant asks the Court to dismiss this action because there is no federal question jurisdiction, and because Plaintiff's due process and equal protection claims fail to allege state action.  **Motion to Dismiss** *(Doc. 5)* at 1-2; and **Memorandum of Points and Authorities** *(Doc. 6)* at 2-5.

### *1.  Federal Question Jurisdiction*

"[A] court must dismiss a case for lack of subject matter jurisdiction."  *Williams v. Life Sav'gs and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).  There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity

3

jurisdiction under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). Plaintiff states that the Court has federal question jurisdiction over his claims, which is that his due process and equal protection rights were violated. ***Complaint** (Doc. 1)* at 1. However, in order for the Court to have federal question jurisdiction, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under [that] federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (citations omitted). Plaintiff fails to show that his due process and equal protection claims arise under federal law because he does not allege any facts to indicate that Defendant is a federal or state actor. "The Constitution promotes individual liberty by forbidding the government, and the government alone, from engaging in certain activities." *Gilmore v. Salt Lake Community Action Program*, 710 F.2d 632, 635 (10th Cir. 1983) (citations omitted). Due process and equal protection claims can be brought against the federal government under the Fifth Amendment to the United States Constitution, and can be brought against the states under the Fourteenth Amendment. *See Behagen v. Amateur Basketball Ass'n of U.S.*, 884 F.2d 524, 530 (10th Cir. 1989) ("It is axiomatic that the fifth amendment['s due process protection] applies to and restricts only the Federal Government and not private persons.") (citation and internal quotation omitted); *Jurado-Gutierrez v. Greene*, 190 F.3d 1135, 1152 (10th Cir. 1999) (the Fourteenth Amendment's "guarantee of equal protection applies to the federal government through the Fifth Amendment Due Process Clause") (citation omitted); U.S. Const. Am. XVI ("No state shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.") (emphasis added). While 42 U.S.C. § 1983 is the mechanism to bring claims for violations of constitutional rights against individuals, such claims may only proceed against parties acting under the color of state law. *Lugar v. Edmondson*

*Oil Co., Inc.*, 457 U.S. 922, 937 (1982) ("[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."); *see also Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004) ("In order to prevail on a § 1983 claim, a plaintiff must establish that the defendants acted under color of state law and that the defendants' actions deprived the plaintiff of some federal right") (citation omitted). The Court has no federal question jurisdiction over Plaintiff's claim that his due process and equal protection rights were violated by Defendant because Defendant is not a federal agency, Defendant was not acting under state law, nor is Defendant's alleged conduct chargeable to the state. In other words, Defendant's conduct is "merely private conduct." *See American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (explaining that both the state action requirement of the Fourteenth Amendment and the under color of state law requirement of Section 1983 exclude "merely private conduct, no matter how discriminatory or wrongful") (internal quotations and citations omitted).[3] Plaintiff, therefore, does not satisfy his burden of showing that his claims arise under federal law, and his conclusory allegation that the Court has federal question jurisdiction is insufficient to establish federal question jurisdiction over this action.

## 2. Diversity Jurisdiction

In the event Plaintiff intends to allege that jurisdiction is based on diversity, the complaint must allege that Plaintiff and Defendant are citizens of different states and that the amount in

---

[3]To the extent Plaintiff may be trying to assert claims against *federal* actors (the FBI) in his **Motion to Strike; Motion for Summary Judgement; & Declaratory Judgement Against 3rd Party** *(Doc. 9)*, as explained below, the FBI is not a party to this case, and Plaintiff cannot assert claims against non-parties through a motion.

controversy is greater than $75,000.00, excluding interest and costs.  28 U.S.C. § 1332(a).  Plaintiff has made no allegations regarding Defendant's citizenship and, therefore, fails to satisfy the diversity requirement of 28 U.S.C. § 1332(a).  Plaintiff also fails to meet the amount in controversy requirement.  Plaintiff alleges the loss of $105.00 and seeks punitive damages in the amount of $1,500,000.00.  *Complaint (Doc. 1)* at 3.  Generally, a claim for punitive damages can be considered in evaluating the amount in controversy requirement.  *See Macpherson v. Brinecell, Inc.*, 98 F.3d 1241, 1245 (10th Cir. 1996) (citation omitted).  However, where punitive damages make up the bulk of the amount in controversy, the Court may take a closer look at whether the amount in controversy requirement has been met.  *See Burrell v. Burrell*, No. 00-2031, 229 F. 3d 1162, 2000 WL 1113702, *2 (10th Cir. Aug. 7, 2000) (unpublished) (citing *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996)).  Here, the punitive damages sought by Plaintiff are more than 14,000 times the amount of the actual loss he alleges.  To obtain punitive damages, under New Mexico law,[4] Plaintiff would have to provide evidence of willful, wanton, malicious, reckless, oppressive, grossly negligent, fraudulent or bad faith conduct on the part of Defendant.  *See Nieto v. Kapoor*, 268 F.3d 1208, 1222 (10th Cir. 2001) (citation omitted).  Plaintiff does not make any allegations of conduct sufficient to satisfy a claim for punitive damages.  Moreover, under New Mexico law, while there is no statutory limit to the amount of punitive damages, a plaintiff may request that "'the ratio of punitive damages to the harm generally should not exceed ten to one.'" *Burrell*, 229 F.3d at *3 (quoting *Weidler v. Big J Enterprises, Inc.*, 953 P.2d 1089, 1102 (N.M. Ct. App. 1997)).  Plaintiff alleges an economic loss of $105.00 and, applying the general limit

---

[4]A federal court sitting in diversity applies the substantive law of the forum state.  *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994) (citation omitted).

to punitive damages under New Mexico law, Plaintiff could recover punitive damages of up to $1,050.00, which is far short of the jurisdictional requirement.

Because the Court does not have subject matter jurisdiction over Plaintiff's claims, the Court recommends dismissing this case. To the extent Plaintiff may be attempting to assert state-law claims, the Court will not take supplemental jurisdiction over them. *See Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

### 3.  *Plaintiff's Remaining Motions*

The Court also recommends denying ***Plaintiff's Motion to Amend Complaint (Doc. 10)***. In that motion, Plaintiff claims that Defendant violated his equal protection and due process rights by seizing his social security money from his safe deposit box in violation of an order entered in another case in the United States District Court. *Document 10* at 1 (referring to *Walters v. Social Security Administration*, CV-07-0257 JCH/RLP). Plaintiff attaches to ***Plaintiff's Motion to Amend Complaint (Doc. 10)*** a "Memorandum of Law in Support of Arbitration of Questions of Law," in which he appears to propose terms for a settlement with Defendant. *See Document 10* at 2-3. Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he Court should freely give leave [to file an amended pleading] when justice so requires." However, the Court "may deny leave to amend where amendment would be futile." *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009) (citation and internal quotation omitted). Plaintiff's claim that his constitutional rights were violated because of an order entered in another case is without merit because Plaintiff fails to state which order entered in his previous case was violated and, moreover, Plaintiff fails to make any allegations regarding Defendant's actions related to the order in that case that would provide this Court with

7

jurisdiction. Because Plaintiff fails to make any allegations in ***Plaintiff's Motion to Amend Complaint*** *(Doc. 10)* that would establish either federal question or diversity jurisdiction, the Court finds that amending the complaint would be futile and recommends that the motion be denied.

In addition, the Court recommends that Plaintiff's ***Motion to Strike; Motion for Summary Judgement; & Declaratory Judgement Against 3rd Party*** *(Doc. 9)* be denied. In this motion, Plaintiff asks the Court for the following: (1) "Summary Judgement against a 3rd party[,] the Federal Bureau of Investigations" for presumably taking documents out of his safe deposit box (*id.* at 2); (2) "a finding of Fact and [Conclusion of] Law that Title 28 USC Chapter 33 Federal Bureau of Investigations be declared unconstitutional" (*id.*);[5] and (3) to "direct the Clerk to deliver a true and correct copy of the foregoing document to the legal counsel of record for Bank of America" (*id.* at 3). The Court finds no merit to Plaintiff's motion for summary judgment against the FBI. Plaintiff may only move for summary judgment "on all or part of [his] claim." Fed. R. Civ. P. 56(a). In addition, a plaintiff's claims against a third party must "aris[e] out of the transaction or occurrence that is the subject matter of the plaintiff's claim." Fed. R. Civ. P. 14(a)(3). Plaintiff's claim is that his constitutional rights were violated by Defendant, not by the FBI, when he was allegedly improperly charged for his safe deposit box. ***Complaint*** *(Doc. 1)*. Because the FBI is not a party in this case, and because Plaintiff's complaint does not contain any allegations against the FBI, Plaintiff's request for summary judgment has no merit and should be denied. Plaintiff has made no claims against the FBI that would satisfy the Federal Rules of Civil Procedure.

Finally, the Court finds that Plaintiff's request for the Court to direct the clerk to deliver a copy of his ***Motion to Strike; Motion for Summary Judgement; & Declaratory Judgement Against***

---

[5]The Court notes that 28 U.S.C. § 531 et seq. are the statutes governing the Federal Bureau of Investigation, and they are found under Chapter 33 of the United States Code Annotated Title 28.

***3rd Party*** *(Doc. 9)* to counsel for Defendant is without merit. The Court's docket shows that *Document 9* was electronically mailed to counsel for Defendant through the Court's electronic docketing system. Plaintiff states that because two documents that were sent to <u>him</u> "have disappeared," that the Court should re-send *Document 9* to Defendant. *Id.* at 3. The Court finds that Plaintiff fails to provide sufficient support for his request that this document be re-sent to Defendant and, therefore, recommends that this request be denied.

Because the Court finds that, based on the facts alleged, Plaintiff's claim is without merit, the Court recommends dismissing this case with prejudice. *See Hall*, 935 F.2d at 1110 (courts may dismiss action if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile") (internal quotation and citation omitted).

<u>**Recommended Disposition**</u>

For the reasons stated above, the Court recommends the following:

(1) That Plaintiff's ***Motion to Proceed in Forma Pauperis With Financial Affidavit Pursuant to 28 U.S.C. § 1915*** *(Doc. 2)* be **DENIED** because his ***Complaint*** *(Doc. 1)* is frivolous;

(2) That Defendant's ***Motion to Dismiss*** *(Doc. 5)* be **GRANTED**;

(3) That Plaintiff's ***Motion to Strike; Motion for Summary Judgement; & Declaratory Judgement Against 3rd Party*** *(Doc. 9)* be **DENIED;**

(4) That *Plaintiff's Motion to Amend Complaint (Doc. 10)* be **DENIED**; and

(5) That this case be **DISMISSED with prejudice**.


*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**